IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LOUIS T. JONES, JR., II,  # N97972,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-01015-MJR |
| ) | |
| **RANDY GROUNDS,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Louis T. Jones, Jr., II, an inmate in Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, in connection with his continued incarceration, for which he seeks $10,000,000 in damages from Warden Randy Ground.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.–** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

## Discussion

According to the complaint, Plaintiff Jones was slated for release from prison on February 14, 2013, but the Prison Review Board found that he had violated parole. Plaintiff asserts that he is serving two sentences for the same offense, in violation of the Double Jeopardy Clause of the Fifth Amendment. The complaint further asserts that Plaintiff was granted a writ of habeas corpus in 2007 and should have been immediately released.

The complaint provides virtually no information regarding the relevant criminal convictions, habeas or other post-conviction ruling, or the parole decision. However, the docket sheets attached to the complaint do not support Plaintiff's assertion that he was granted immediate release. The Court further notes that in *Jones v. Dexheimer*, Case No. 10-cv-3202 (C.D. Ill. Sept. 13, 2011), Jones' petition pursuant to 28 U.S.C. § 2254 was denied. In that decision, it was noted that Jones appears not to understand the procedural history of his criminal case(s), in that he was not granted any post-conviction relief; his 2007 petition was denied. Furthermore, a notation on the documents Jones submitted with the present Section 1983 complaint states, "I been to court 3 times. They still have not gave me no relief." [sic] (Doc. 1-1, p. 5).

A Section 1983 claim cannot stand where a judgment in favor of the plaintiff necessarily would imply the invalidity of the prisoner's conviction or sentence, except if the prisoner can demonstrate that the conviction or sentence has been invalidated. *See Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994); *Miller v. Indiana Dep't of Corr.,* 75 F.3d 330, 331 (7th Cir.1996). Clearly, finding for Plaintiff and against Warden Grounds for holding Plaintiff beyond his release date would imply the validity of Plaintiff's sentence(s) and/or conviction(s).

Therefore, this action will be dismissed for failure to state a claim upon which relief can be granted. Dismissal of this action shall be without prejudice.

Although dismissal is without prejudice, a "strike" will be assessed pursuant to 28 U.S.C. § 1915(g). Not only has Plaintiff Jones failed to state a claim upon which relief can be granted, this action is malicious—intended to harass. Another of Plaintiff's Section 1983 actions was recently dismissed because it was barred under *Heck*: *Jones v. Beggs*, Case No. 13-cv-2104 (C.D. Ill. May 10, 2013) (brought against the arresting officer). Yet, four months later Plaintiff filed this action. As in *Jones v. Beggs*, a strike will be assessed pursuant to 28 U.S.C. § 1915(g) because of the failure to state a claim upon which relief can be granted. *See also Davis v. Kansas Dep't of Corrections*, 507 F.3d 1246, 1249 (10th Cir. 2007) (dismissal based on *Heck* for failure to state a claim warrants a strike). An inference of "malice" (an independent ground for calling a strike) can also be drawn from a plaintiff's repeated filings, indicating an intent to harass. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, this action is **DISMISSED** without prejudice, and a strike is assessed pursuant to 28 U.S.C. § 1915(g). The Clerk shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:  October 29, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**